```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA       )
                               )
    Plaintiff,                 )
                               )
    v.                         )    Case No.: 17-CR-0072-ABJ
                               )
DARRELL BLACKWELL              )
                               )
    Defendant.                 )
                               )

        *   *   *   *   *   *   *   *   *   *   *   *
```

**DEFENDANT'S MOTION TO WITHDRAW PLEA OF GUILT AND SUPPLEMNTAL BRIEF REGARDING APPLICABILITY OF RULE 11(F) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND RULE 410 OF THE FEDERAL RULES OF EVIDENCE**

Comes now Defendant, Darrell Blackwell, through his undersigned counsel, and respectfully files this Motion to Withdraw his Plea of Guilt and Supplemental Brief regarding the applicability of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence and states the following in support:

On August 8, 2018, Defendant entered a Plea Agreement.  The agreement stated, in pertinent part:

> Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it, except where the Court rejects this Agreement under

1

```
Rule 11(c).
```

The Defendant has requested to withdraw his plea.  Sua sponte, the Court has inquired as to whether the aforementioned clause subjects the Defendant to exposure that his plea could be used against him at trial.  Primarily, Defendant contends that he never discussed this clause with his attorney and the Court never inquired as to his understanding of this clause.  Therefore, any waiver was not knowing and voluntary.  Secondly, Defendant contends that the clause was ambiguous and should be construed against the Government.  Finally, Defendant contends that the interest of justice supports not allowing the Government to use Defendant Plea against him at any further trial.

**I.    DEFENDANT MOTIONS TO WITHDRAW HIS PLEA OF GUILT.**

Pursuant to Federal Rule of Criminal Procedure ("Rule) 11(d)(2)(B), defendant Darrell Blackwell, through his attorney, Marnitta L. King, respectfully moves this Court to permit him to withdraw his plea of guilty and to proceed to a trial by jury. Mr. Blackwell is able to show fair and just reasons for the Court to exercise its discretion and permit him withdrawal of his plea. Undersigned counsel conferred with Assistant United States Attorney Jennifer Kerkhoff on this motion; the United States objects to the requested relief.

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw from a plea of guilty before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Although the burden is on the defendant to demonstrate a fair and just reason to withdraw from the plea, this standard is to be applied liberally. United States v. Davis, 428 F.3d 802, 805 (9th Cir. 2005); *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000).

The defendant need not show that the plea itself was invalid in order to prevail. United States v. Davis, 428 F.3d 802, 805 (9th Cir. 2005);. "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." See United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004); *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000).

In United States v. Bashara, the United States Court of Appeals for the Sixth Circuit gave a non-exclusive list of factors which should guide a district court in determining whether to allow a defendant to withdraw his guilty plea: (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence or absence of a valid reason

3

for the failure to move for withdrawal earlier in the proceeding; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has prior criminal experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted. 27 F.3d 1174, 1181 (6th Cir. 1994), cert. denied, 514 U.S. 1033 (1995), superseded by statute on other grounds, U.S.S.G. § 3B1.1; see also Ellis, 470 F.3d at 281 (citing and applying the Bashara factors); United States v. Valdez, 362 F.3d 903, 912 (6th Cir. 2004) (applying the factors discussed in Bashara). *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991); *See United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003)  Federal Rule of Criminal Procedure 32(e) are the same factors and rationale are still applicable to the analysis of withdrawing a guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B).

Mr. Blackwell moves to withdraw his plea well before sentencing. His motion is thus made without the benefit of a verdict in that case.  Because Mr. Blackwell sets forth a number of fair and just reasons for withdrawal of his plea, he respectfully requests that the Court grant this motion

   II.   **TIME BETWEEN PLEA AND MOTION TO WITHDRAW**

Defendant entered into his plea on August 8, 2018. Defendant indicates that he sought to withdraw his plea that same week with his Counsel. Transcript Page 40-42. Court records reflect that Defense Counsel filed a Motion to Withdraw based on Defendant desire to withdraw his plea on August 29, 2018. Therefore, the record is clear that there was a very short time between the entry of the Plea and Defendant's desire to withdraw the same.

### III. DEFENDANT HAS MAINTAINED HIS INNOCENCE

At the hearing on December 20, 2018, Defendant testified and indicated he was innocent of the charges alleged. Transcript Page 41-42. Defendant put on the record that he entered the plea after pressure by the court, lawyer and his Mother regarding the effect of the plea on the Defendant's children.

### IV. THE CIRCUMSTANCES UNDERLYING THE ENTRY OF THE GUILTY PLEA

Defendant testified at the hearing that he was at Court on August 8, 2018 to discuss voir dire and trial procedures. Defendant did not come to court with an intent to plea, as he had rejected all plea offers since January. However, after the Court talked with him, and his mother talked to him, he felt pressured to dispose of the case via plea.

During a break, the parties negotiated a plea and Defendant took the same. Defendant contends that the external pressure on him to resolve this case as well as his doubts as to the

5

attorney's preparedness for trial led him to enter into a plea against his better judgment.

### V. THE DEFENDANT'S NATURE AND BACKGROUND AND CRIMINAL HISTORY

The Defendant testified that he has never entered a plea in federal court before. His only other pleas were taken in DC Superior Court. However, those pleas of guilt were the culmination of an offer and consideration period as opposed to a stressful in court reconsideration of a prior plea offer.

### VI. POTENTIAL PREJUDICE TO THE GOVERNMENT IF THE MOTION TO WITHDRAW IS GRANTED

The government has failed to show any prejudice to allowing Defendant to withdraw his plea of guilt. Most of the Government witness are non civilian; and presumably available. The Government has two prosecutors familiar with the facts of the case to try the case at trial. As a result, there is no prejudice to the Government by allowing Defendant to withdraw his plea of guilt.

### VII. WAIVER OF RULE 11(F) WAS NOT KNOWING AND VOLUNTARY

Defendant's waiver of rights must be shown to have been knowing and voluntary." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013) United States v. Butler (4th Cir., 2015). Said plea took place at the end of discussions regarding voir dire questions. Defendant never discussed every aspect of the paperwork with his counsel, rather discussed the salient points, specifically the charges and the incarceration exposure.

The Court questioned Defendant regarding the document he signed, however, never queried regarding his understanding of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.  Defendant would contend under oath if requested by the court, that he did not know what Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence was specifically and reference to said rules provided no real clarification.

Therefore, Defendant contends that his waiver was not knowing or voluntary.

**VIII.   THE WAIVER CLAUSE WAS AMBIGUOUS**

In United States v. Mezzanatto, the Supreme Court upheld the use of a pretrial waiver of Federal Rule of Evidence (FRE) 410 and Federal Rule of Criminal Procedure (FRCP) 11(e)(6) ("federal Rules"). United States v. Mezzanatto, 513 U.S. 196 (1995) (defendant can waive right under the rules of evidence to exclude guilty pleas, plea discussions, and related statements).

In U.S. v. Newbert, 504 F.3d 180 (1st Cir., 2007), however, the Court addressed a similar fact scenario.  In Newbert, after

7

accepting a plea agreement, which contained language where the Defendant would waive his rights pursuant to Federal Rule of Evidence 410, the Court upheld a trial court's granting of a Motion in Limine preventing the Government from using the plea agreement against the Defendant at trial after Defendant later withdrew his plea.

> *If defendant* fails to enter a guilty plea or *seeks and is allowed to withdraw his plea of guilty entered pursuant to this Agreement, under circumstances constituting a breach of this Agreement,* or if Defendant's guilty plea is rejected due to Defendant's conduct constituting a breach of this Agreement, *he hereby waives any rights that he has under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.* Defendant understands that by waiving such right, the following would be admissible against him in any subsequent prosecution for the conduct underlying the charges in the case: (a) the fact that he pleaded guilty in this case; (b) all statements made in the course of the guilty plea; and (c) all statements made during the course of plea discussions.

The government contended that by successfully withdrawing his plea, Newbert was in breach of his plea agreement and thus had waived his Rule 410 rights. The district court disagreed that defendant was in breach of the agreement and refused to enforce the waiver. Thus, on motion in limine, the court barred the government from using evidence excluded by Rule 410. United States v. Newbert (*Newbert II*), 477 F.Supp.2d 287, 294 (D.Me.2007).

The court referred to contract law principles and noted that the clause assumed that some withdrawals of guilty pleas would not constitute a breach. *Id.* at 290-91.

> Basic contract principles apply to the construction of plea agreements. *Clark,* 55 F.3d at 12; *Atwood,* 963 F.2d at 479. Ambiguities in plea agreements are construed against the government. *United States v. Giorgi,* 840 F.2d 1022, 1026 (1st Cir.1988) ("[W]e find that the costs of an unclear agreement must fall upon the government. . . . [W]e hold that the government must shoulder a greater degree of responsibility for lack of clarity in a plea agreement."). The "under circumstances constituting a breach" clause is clearly ambiguous. The agreement contains no definition
> … The district court aptly noted that the phrase "under circumstances constituting a breach" when applied to successful withdrawals of pleas is also not self-defining. *Newbert II,* 477 F.Supp.2d at 291. This clause by its terms does not purport to govern situations where a defendant has violated other terms of a plea agreement, such as a failure to testify or to testify honestly.

Similarly, in the case at bar, the waiver provision is ambiguous.  The clause in the case at bar indicates that the Defendant "acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence."  The clause does not propose what that "discussion" entails or what the defendant understood those rules to convey.  In addition, the waiver states that Defendant "waives the rights that arise under these rules in the event [Defendant] withdraws [Defendant's] guilty plea or withdraws from this Agreement after signing it.  The agreement does not explain the difference from withdrawing the plea versus

9

withdrawing from the agreement.  These ambiguities should be drafted against the Government.

## IX.    INTEREST OF JUSTICE

The Court is always concerned with the interest of justice. Padilla v. Kentucky, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2009). If the Court rules that it would be appropriate to allow the Defendant to withdraw his plea, the same interests would be served by allowing Defendant to not be confronted with his plea at trial.

Otherwise, the Jury would have a prejudicial impression of Defendant guilt that he would not be able to overcome.

Mr. Blackwell has adequately demonstrated that fair and just reasons exist for the Court to permit him to withdraw his guilty plea. He fully understands that such a result will necessarily lead to the prosecution likewise withdrawing from the plea agreement and its obligations contained within the agreement. Once the plea of guilty is withdrawn, Mr. Blackwell respectfully requests a trial by jury at a date and time to be determined.

Furthermore, Defendant contends that if the Court grants any Motion to withdraw a plea, said Plea should not be used against him at trial.

Respectfully Submitted,

_____/s/_____
Marnitta L. King
Bar ID 481065
1401 Mercantile Lane, Ste 381
Largo, MD 20774
301-277-2333 (o)
301-209-0458 (f)
mlking@kinglaw.org

**Certificate of Service**

I HEREBY CERTIFY, that on this 25th day of February, 2019, I served a copy of the aforegoing via EFILE to the following:

Jennifer Kerkhoff
Assistant United State's Attorney
555 4th Street, NW
Washington, DC 20001

_____/s/_____
**Marnitta L. King, Esq.**

11